**Tammy Gruder Hussin (Bar No. 155290)**
**HUSSIN LAW**
**1302 N. Coast Highway 101**
**Suite 201**
**Encinitas, CA 92024**
**Tel: (877) 677-5397**
**Fax: (877) 667-1547**
**Email:** Tammy@HussinLaw.com
*Attorney for Plaintiff*

**Yitzchak Zelman, Esq.**
**MARCUS & ZELMAN, LLC**
**1500 Allaire Avenue, Suite 101**
**Ocean, New Jersey 07712**
**Tel: (732) 695-3282**
**Fax: (732) 298-6256**
**Email:** Yzelman@marcuszelman.com
*Attorney for Plaintiff*
*Pro Hac Vice Admission Pending*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **ENRIQUE M VASQUEZ,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> **CREDITORS SPECIALTY SERVICE, INC.** and JOHN DOES 1-25, <br><br> Defendants. | Civil Case No.: <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT** <br> **and** <br> **JURY TRIAL DEMAND** |

Plaintiff, **ENRIQUE VAZQUEZ** (hereinafter, "Plaintiff"), a California resident, brings this Class Action Complaint by and through his undersigned counsel, against Defendant **CREDITORS SPECIALTY SERVICE, INC.** (hereinafter "CSS" or "Defendant") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

**JURISDICTION AND VENUE**

3.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

5.      Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*

6.      Plaintiff is seeking damages, and declaratory and injunctive relief.

**PARTIES**

7.      Plaintiff is a natural person and a resident of the State of California, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8.      Defendant is a collection agency with its principal office located at 131-A Stony Circle, Suite 500, Santa Rosa, California 95401.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.     Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

CLASS A: The Class consists of (a) all individuals with addresses in the State of California (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt (d) without clearly identifying the name of the current creditor to whom the debt is owed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

CLASS B: The Class consists of (a) all individuals with addresses in the State of California (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt (d) in which miscellaneous fees which may include attorney fees, court costs, and/or other collection costs were charged, but not expressly authorized by the agreement creating the debt or permitted by law  (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

CLASS C: The Class consists of (a) all individuals with addresses in the State of California (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt (d) in which the letter threatens litigation when no lawsuit was intended to be filed or could have legally been filed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as **_Exhibits A,_** violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

17.     The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      (a)     **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

(c)     **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **ALLEGATIONS OF FACT**

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.    Some time prior to May 16, 2016, an obligation was allegedly incurred by Plaintiff to Provident Credit Union.

23.    The Provident Credit Union obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.    The alleged Provident Credit Union obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.    Provident Credit Union is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.    Provident Credit Union or subsequent owner of the Provident Credit Union debt contracted the Defendant to collect the alleged debt.

27.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

28.     On or about May 16, 2016, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Provident Credit Union. *See,* **Exhibit A.**

29.     Upon information and belief, the Letter was the first communication from Defendant to the Plaintiff with regards to the Provident Credit Union debt.

30.     Plaintiff received the letter and read it.

31.     The Letter states in part:

        "RE:   PROVIDENT CREDIT UNION"

32.     The Letter fails to accurately and unambiguously identify the current creditor to whom the Plaintiff allegedly owes a balance.

33.     The Letter also states that Creditor's Specialty Service, Inc. intends to refer this account to its attorney to commence legal action, further confusing the Plaintiff as to whether the Defendant currently owned the debt or if they were collecting on behalf of a third party.

34.     The Plaintiff, as would any least sophisticated consumer, was left unsure as to the identity of the creditor to whom the debt was currently owed.

35.     Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

36.     The obligation is not only to identify the name of the current creditor, but to convey the name of the current creditor clearly and explicitly.

37.     In order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt

collection letter, the required notice must also be conveyed effectively to the debtor. *See, Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir .1991).*

38.     Merely listing "RE: Provident Credit Union" in the subject line of a collection letter does not explicitly convey whether the Defendant was attempting to collect a debt that originated with "Provident Credit Union" or whether "Provident Credit Union" is still the current creditor to whom the debt is owed.

39.     Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, *citing Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

40.     Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

41.     The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

42.     Said Letter further states:

**"***NOTICE OF INTENT TO FILE SUIT****

In accordance with Section 1033 of the Code of Civil Procedure of the State of California, as amended, you are hereby notified that Creditor's Specialty Service, Inc. intends to refer your account to our attorney for the commencement of legal action in the courts to enforce payment. Be advised that should litigation be instituted against you, actual court costs, plus cost of service of summons and complaint may be included in the award of any judgment rendered in such legal action."

a.   Upon information and belief: Defendant had no intention of filing a lawsuit;

b.   Defendant had no legal right to file a lawsuit, as said debt was passed the statute of limitations;

c.   Defendant does not have their own attorney who commences lawsuit on behalf of Creditor's Specialty Service, Inc.;

43.   Defendant's reference to Section 1033 of the Code of Civil Procedure, which is completely irrelevant to the content of this letter or the subsequent threat, was made in a further attempt to scare and confuse the least sophisticated consumer.

44.   Said comment was made merely to try and put some authority, albeit a false authority, behind the threat.

45.   Sometime after receiving the Letter, the Plaintiff received a phone call from the Defendant in which they threatened to come to his house, take him to court, and take money from his bank account.

46.   The Plaintiff, who suffers from emotional distress, began feeling stressed, anxious, scared, suffered from mental anguish, and emotional and physical distress. He began seeking loans from friends and family in order to pay this debt, and suffered severe humiliation in the process.

47.   Plaintiff had an anxiety attack because of the conduct of the Defendant and had to take prescribed medication.

48.   Plaintiff was unable to borrow the funds to pay off this debt.

49.   Defendant further attempted to collect "MISC FEES" of ten dollars ($10.00), and explained that such fees may include attorney's fees, court costs and/or other collection costs.

50.     Upon information and belief, Defendant had no legal right to charge such fees, and the Plaintiff never expressly authorized the imposition of any such fees.

51.     As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

52.     Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

53.     Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

55.     Defendant violation said section by engaging in conduct the natural consequence of which is to harass, oppress, or abuse.

56.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>COUNT II</u>
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

57.     Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59.     Defendant violation said section by:

    a.   Falsely representing the amount of the debt in violation of 1692e(2)(A);

    b.   Falsely representing the legal status of a debt in violation of 1692e(2)(A);

    c.   Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 1692e(5); and

    d.   Using false representation or deceptive means to collect a debt 1692e(10).

60.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT III</u>
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

61.     Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

62.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

63.     Defendant violation said section by:

a. Using unfair or unconscionable means to collect a debt;

b. Collecting an amount not authorized by the agreement creating the debt or permitted by law.

64.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

65.     Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67.     Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

68.    The Defendant violated section 1692g(a)(2) by failing to clearly and concisely identify the current creditor.

69.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT V**
**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT**
**Cal. Civ. Code § 1788 *et seq.***

70.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

71.    Cal. Civ. Code §1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. 1692 *et seq.*

72.    Based upon the foregoing, Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a)    Charging fees that they were not entitled to in violation of 1692f(1);

b)    Making false, deceptive, and/or misleading statements in connection with the collection of a debt in violation of 1692e;

c)    Falsely representing the character, amount or legal status of the debt in violation of 1692e(10);

d)    Making false threats in violation of 1692e(5); and

**-14-**

e) Failing to identify the current creditor to whom the debt is owed in violation of 1692g(a)(2).

73.    Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

74.    As a direct and proximate result of Defendant's violations of RFDCPA, Plaintiff and the members of The Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

75.    The violations of RFDCA described herein present a continuing threat to members of The Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Plaintiff's Counsel as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest;

1          (f)     Awarding Plaintiff and the Class such other and further relief

2    as this Court may deem just and proper.

3

4

5

6    ## DEMAND FOR TRIAL BY JURY

7

8         Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

9    hereby requests a trial by jury on all issues so triable.

10

11   Dated: May 15, 2017

                                   */s/ Tammy Gruder Hussin*

                                     Tammy Gruder Hussin

                                     (Bar No. 155290)

                                     HUSSIN LAW

                                     1302 N. Coast Highway 101

                                     Suite 201

                                     Encinitas, CA 92024

                                     Tel: (877) 677-5397

                                     Fax: (877) 667-1547

                                     Email: Tammy@HussinLaw.com

                                     *Attorney for Plaintiff*

                                     Yitzchak Zelman, Esq.

                                     MARCUS & ZELMAN, LLC

                                     1500 Allaire Avenue, Suite 101

                                     Ocean, New Jersey 07712

                                     Tel: (732) 695-3282

                                     Fax: (732) 298-6256

                                     Email: Yzelman@marcuszelman.com

                                     *Attorney for Plaintiff*

                                     *Pro Hac Vice Admission Pending*